UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DAVID LEE PITZ and | ) |
| KRISTEN ANN PITZ, | ) |
| | ) Bankruptcy No. 15-00003 |
| Debtors. | ) |
| | ) |
| PEOPLES SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) Adversary No. 15-09011 |
| | ) |
| v. | ) |
| | ) |
| DAVID LEE PITZ and | ) |
| KRISTEN ANN PITZ, | ) |
| | ) |
| Defendants. | ) |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is the Motion of Defendants, Debtors David and Kristen Pitz ("Debtors") for summary judgment. The Court held a telephonic hearing. Christopher Donohoe appeared for Plaintiff Peoples Savings Bank. William Baresel appeared for the Debtors. The Court took the matter under advisement on the briefs filed. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtors had an agricultural operating loan from Peoples Savings Bank ("the Bank"). To secure this loan, the Bank had a security interest in Debtors' crops.

Debtors sold the crops and dissipated the proceeds. The Bank received none of the proceeds. The Bank argues that this constituted larceny, embezzlement, or a willful and malicious injury and that the entire balance of loan is non-dischargeable under 11 U.S.C. § 523(a)(4) and (6).

Debtors move for summary judgment arguing that, as a purely legal matter, a security interest is not the kind of property that can be stolen or embezzled as required under § 523(a)(4). Debtors also argue that there is no evidence to support a finding that they dissipated the assets willfully or maliciously as required under § 523(a)(6).

The Bank argues that its security interest is a property right and Debtors' actions qualify as larceny or embezzlement. The Bank also argues that Debtors' willfulness and malice can be implied because they transferred the crop proceeds to their family members.

The Court grants Debtors' motion for summary judgment on the larceny and embezzlement theories under § 523(a)(4). The Court denies summary judgment on the willful and malicious injury theory under § 523(a)(6).

## STATEMENT OF THE FACTS

On January 21, 2011, the Bank made a $125,000 five-year agricultural operating loan to Debtors for farm operating expenses. The Bank took a security interest in Debtors' crops as collateral for the debt, memorialized in a security

agreement signed by Debtors. The Bank properly perfected that security agreement by filing a financing statement with the Iowa Secretary of State. As part of the security agreement, Debtors promised to repay the loan with the proceeds from the sale of the crops and to deposit all farm proceeds in an account maintained with the Bank.

At some point before filing this bankruptcy, Debtors sold crops that were subject to the Bank's security interest. Debtors did not, however, use the proceeds to repay the loan or deposit the proceeds in their account with the Bank. The Bank alleges that Debtors transferred the proceeds to their family members. Debtors dispute this. Debtors do not say what happened to the crop proceeds.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 the standard for motions for summary judgment. Fed. R. Bankr. P. 7056. According to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable fact finder could find for the nonmoving party. TCF Nat'l Bank v. Mkt. Intelligence, Inc., 812 F.3d 701, 707 (8th Cir. 2016). Although a court will draw all reasonable inferences in favor of the nonmoving party, the nonmoving party must give specific evidence demonstrating that there

are genuine issues of material fact. Id. Summary judgment is generally "inappropriate . . . where the state of mind, although capable of being inferred from all the circumstances of the case, of a party plays a dominant role in disposing of the case." Neff v. Knodle (In re Knodle), 187 B.R. 660, 664 (Bankr. D.N.D. 1995).

## I. Denial of Discharge Under 11 U.S.C. § 523(a)(4)

The Bank argues that Debtors committed larceny or embezzlement when they sold the crops and did not pay the Bank as required by the security agreement. Debtors argue that, as a legal matter, a security interest is not the kind of property that can be stolen or embezzled.

A debt for "fraud or defalcation while acting in a fiduciary capacity, **embezzlement**, or **larceny**" is nondischargeable. 11 U.S.C. § 523(a)(4) (2012) (emphasis added). Federal common law provides the definition for both embezzlement and larceny. Kan. Bankers Sur. Co. v. Eggleston (In re Eggleston), 243 B.R. 365, 378 (W.D. Mo. 2000). Under federal law, embezzlement "is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it was lawfully come." Arvest Mortg. Co. v. Nail (In re Nail), 680 F.3d 1036, 1042 (8th Cir. 2012) (internal quotation marks omitted). "Larceny is the wrongful taking and carrying away of the property of another with the intent to convert such property to the taker's use without the

4

consent of the owner." In re Eggleston, 243 B.R. at 378. To come within either the definition of larceny or embezzlement, the debtor must have acted against "property" of another. See Morganroth & Morganroth v. Stollman (In re Stollman), 404 B.R. 244, 271 (Bankr. E.D. Mich. 2009) (surveying cases addressing what "property of another" means under § 523(a)(4)).

Both this Court and the Eighth Circuit have previously found in "embezzlement" cases that security interests are not "property of another" as required under § 523(a)(4). First Nat'l Bank v. Phillips (In re Phillips), 882 F.2d 302, 304–05 (8th Cir. 1989) (finding that a bank's security interest in funds did not give it an absolute ownership interest and embezzlement could not apply); In re Moller, No. 04-10413S, Adv. No. 04-9121S, 2005 WL 1200916, at *2–3 (Bankr. N.D. Iowa May 16, 2005) ("Where a creditor holds nothing more than a security interest in a debtor's property, the relationship is insufficient to support a finding of embezzlement." (quoting Trane Fed. Credit Union v. Conder (In re Conder), 196 B.R. 104, 111 (Bankr. W.D. Wis. 1995) (internal quotation marks omitted)). These cases resolve this issue.

The same rationale applies to the larceny allegation here under § 523(a)(4). Embezzlement and larceny involve the same elements, except that larceny requires, in addition to the elements of embezzlement, that the original taking be unlawful. See Hamilton v. Green (In re Green), No. 11-44371-DRD-7, Adv. 11-

5

4360-DRD, 2012 WL 3028462, at *7 (Bankr. W.D. Mo. July 25, 2012). ("The primary difference between larceny and embezzlement involves the initial taking of the property. For larceny, the original taking must be unlawful.").

The Court applies Philips, as it did previously in Moller, to find that a security interest is not "property of another" as required by § 523(a)(4).

**II. Denial of Discharge Under 11 U.S.C. § 523(a)(6)**

Debtors also move for summary judgment on the Bank's § 523(a)(6) claim. The Bank argues that § 523(a)(6) applies because Debtors knew about the security agreement and that they "acted willfully and maliciously in paying members of their family with the proceeds from the sale of the 2013 crop." The Bank argues that these facts show Debtors' willful and malicious intent. The Bank argues that its § 523(a)(6) theory should survive summary judgment because there is a factual dispute about Debtors' intent.

Debtors do not state what they did with the proceeds. Debtors assert that what they did with the crop proceeds is irrelevant. Debtors contend that the Bank has no proof that they acted willfully or maliciously in spending the proceeds. Debtors believe that without such proof, the Court must grant summary judgment.

Section 523(a)(6) prevents debtors from discharging debts associated with "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2012). To fall within § 523(a)(6), a debtor

6

must have intended to cause the injury.  Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998).  A creditor must prove both that the injuring act was "willful" and that the act was "malicious."  Barclays Am./Bus. Credit, Inc. v. Long, (In re Long), 774 F.2d 875, 880–81 (8th Cir. 1985).  For the act to be willful, the debtor must know that the act will harm a creditor's rights.  Id. at 881.  To be malicious, the conduct must be objectively certain or almost certain to cause financial harm to the creditor.  Id.  Breach of contract alone is not enough to show willful and malicious injury.  Id. at 882.

The Court denies Debtors' motion for summary judgment on the Bank's § 523(a)(6) claim.  Viewed in a light most favorable to the Bank, the limited record that exists here presents a genuine issue of material fact for trial.  The Bank has alleged facts and Debtors do not present a competing version of events.  The Bank's allegation that Debtors cashed out the crops, transferred the proceeds to their family, and filed bankruptcy to avoid paying the Bank, if true, could support a reasonable inference that Debtors knew these actions violated the security agreement and would harm the Bank.  While Debtors "dispute" these and other background facts, they have failed to establish that there is no genuine issue of material fact regarding Debtors' intent.  Intent is generally an issue best left for trial.  See Neff v. Knodle (In re Knodle), 187 B.R. 660, 664 (Bankr. D.N.D. 1995).

Debtors argue this Court has previously addressed the same issue in One Am. Bank v. Jacobson (In re Jacobson), 532 B.R. 742 (Bankr. N.D. Iowa 2015) and found no intent as a matter of law. In that case, the security agreement required debtors to deposit every check with the bank holding a security lien on debtors' crops. Id. at 745. Debtors failed to do so. Id. at 746. At trial, the Court found that the debtors did not have the malicious intent to injure the bank. Id. at 750.

Jacobson is not dispositive here. In that case the Court found, on the totality of the evidence presented at trial, that the debtors did not have malicious intent. That fact specific, post-trial ruling does not help resolve the genuine issue of fact about Debtors' intent in **this** case. The Court denies Debtors' motion for summary judgment on the Bank's willful and malicious injury claim.

## CONCLUSION

**WHEREFORE**, Debtors' Motion for Summary Judgment is GRANTED IN PART, as to the larceny and embezzlement theories, and DENIED IN PART as to the willful and malicious injury theory.

Dated and Entered: April 13, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE